UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE L. WATSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1472 SPM |
| | ) | |
| BILL HARRIS, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because it appears that petitioner has not fully presented his claims to the Missouri courts, petitioner will be required to show cause why his petition should not be dismissed for failure to exhaust available state remedies. 28 U.S.C. § 2254(b)(1)(A); Rule 4 of the Rules Governing Habeas Corpus Cases Under § 2254.

### Background

On March 9, 2012, after a jury trial, petitioner was sentenced to fifteen years' imprisonment for robbery in the first degree.[1] *See State v. Watson*, No. 0922-CR03535-01 (22nd Judicial Circuit, St. Louis City). Petitioner immediately appealed his conviction and sentence to the Missouri Court of Appeals, who declined, on April 23, 2013, to overturn petitioner's conviction and sentence. *See State v. Watson*, No. ED 98139, 397 S.W.3d 539 (Mo.Ct.App. 2013).

---

[1] Petitioner's sentence was ordered to run concurrent with any federal sentence. On April 27, 2010, petitioner was sentenced to 63 months' imprisonment in this Court for bank robbery. *See U.S. v. Watson*, 4:09CR562 HEA (E.D. Mo.).

On October 2, 2014, petitioner filed a motion to vacate his conviction, pursuant to Missouri Supreme Court Rule 29.15. *See Watson v. State*, No. 1422-CC09778 (22nd Judicial Circuit, St. Louis City). The Court denied petitioner's motion on February 5, 2015. Petitioner appealed the judgment to the Missouri Court of Appeals by immediately filing his motion to proceed in forma pauperis on appeal on February 23, 2015 and filing his notice of appeal on March 17, 2015. *See Watson v. State*, No. ED102746. Petitioner is represented in his appeal by attorney Matthew William Huckeby, and he filed a brief on behalf of petitioner on August 14, 2015. Respondent, the State has until October 29, 2015 to file a response brief in that action. *Id.*

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2254(b)(1),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the remedies available in the courts
>
> of the State . . .

In this case, petitioner states that he is currently pursuing a post-conviction appeal in the Missouri Appellate Court, and that the matter is undergoing briefing. As a result, petitioner's available state remedies have not yet been exhausted, and the petition is subject to dismissal without prejudice.

Under the aforementioned circumstances, petitioner will be required to show cause, within thirty (30) days of the date of this Memorandum and Order, why his petition should not be dismissed, due to petitioner's failure to fully exhaust his state court remedies.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner shall show cause, within thirty (30) days of this Memorandum and Order, why his application for writ of habeas corpus shall not be dismissed for failure to fully exhaust his state court remedies.

Dated this 1st day of October, 2015

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE