UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| BRUCE L. WATSON, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No. 4:15CV1472 SPM |
|  | ) |  |
| BILL HARRIS, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on petitioner's response to the order to show cause.[1] Having carefully reviewed petitioner's response, the Court concludes that his arguments are without merit, and that the instant action must be dismissed because petitioner has failed to fully exhaust his state court remedies.

### The Amended Petition

On March 9, 2012, after a jury trial, petitioner was sentenced to fifteen years' imprisonment for robbery in the first degree after robbing a U.S. bank building on July 14, 2009.[2] *See State v. Watson*, No. 0922-CR03535-01 (22nd Judicial Circuit, St. Louis City). Petitioner immediately appealed his conviction and sentence to the Missouri Court of Appeals, who declined, on April 23, 2013, to overturn petitioner's conviction and sentence. *See State v. Watson*, No. ED 98139, 397 S.W.3d 539 (Mo.Ct.App. 2013).

---

[1]On October 10, 2015, the Court ordered petitioner to show cause as to why the Court should not dismiss the instant application for failure to fully exhaust his state remedies.
[2] Petitioner's sentence was ordered to run concurrent with any federal sentence. On April 27, 2010, petitioner was sentenced to 63 months' imprisonment in this Court for bank robbery. *See U.S. v. Watson*, 4:09CR562 HEA (E.D. Mo.).

1

On October 2, 2014, petitioner filed a motion to vacate his conviction, pursuant to Missouri Supreme Court Rule 29.15. *See Watson v. State*, No. 1422-CC09778 (22nd Judicial Circuit, St. Louis City). The Court denied petitioner's motion on February 5, 2015. Petitioner appealed the judgment to the Missouri Court of Appeals by immediately filing his motion to proceed in forma pauperis on appeal on February 23, 2015 and filing his notice of appeal on March 17, 2015. *See Watson v. State*, No. ED102746. Petitioner is represented in his appeal by attorney Matthew William Huckeby, and he filed a brief on behalf of petitioner on August 14, 2015. Respondent, the State, had until October 29, 2015 to file a response brief in that action. *Id.* According to https://Missouri.Case.Net, the State sought an extension of time until November 30, 2015, to file their response brief. The motion was granted.

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Under 28 U.S.C. § 2254(b)(1), "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that…(A) the applicant has exhausted the remedies available in the courts of the State . . ."

In this case, petitioner states that he is currently pursuing a post-conviction appeal in the Missouri Appellate Court, and that the matter is undergoing briefing. As a result, petitioner's available state remedies have not yet been exhausted, and the petition is subject to dismissal without prejudice.

In his responses to the Court's Order to Show Cause, petitioner asserts that he wishes the federal court to take jurisdiction over his state criminal cases because he believes he is being subjected to a conspiracy between two state court judges who are brother and sister who have become displeased with petitioner due to a jury verdict finding him not guilty of armed criminal action. Petitioner also points out that despite assurances by the federal prosecutor in a prior criminal case in this Court in front of the undersigned[3], he is currently being prosecuted by state prosecutors in state court once again for a robbery he already pled guilty to in federal court and was found guilty to in state court.[4] Thus, petitioner would like the federal court to intervene in his current state court action and stop state prosecutors from pursuing yet another case against him.

In *Duncan v. Walker,* 533 U.S. 167, 178-79 (2001), the United States Supreme Court held that "[t]he exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity to consider fully federal-law challenges to state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982)). The Supreme Court further stated that "[t]his requirement 'is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.'" *Duncan*, 533 U.S. at 179 (citing *Rose*, 455 U.S. at 518).

---

[3]*See U.S. v. Watson*, 4:09CR562 HEA (E.D.Mo. 2010). In the plea agreement, petitioner pled guilty to robbery of the U.S. Bank facility on July 14, 2009, in violation of 18 U.S.C. § 2113(a).
[4]*See State v. Watson*, Case No. 1122-CR02338 (22nd Judicial Circuit, St. Louis City). A commitment order was entered in the state criminal case on August 4, 2014 after a mental exam was done on petitioner in July of 2014. Petitioner is being charged with robbery in the first degree and armed criminal action, which apparently occurred on or about July 11, 2009. Thus, from the docket entered in the case, it is likely petitioner is being charged with the same offense he already pled guilty to in federal court on January 29, 2010.

None of the aforementioned reasons proffered by petitioner allow this Court to review a federal habeas matter early, or prior to petitioner exhausting each and every state court remedy. This Court must first allow the state court to review all of petitioner's arguments for relief prior to reviewing the case in this Court. As such, petitioner's application for habeas review will be denied without prejudice due to his failure to fully exhaust his available state remedies.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus, as well as his amended application for writ of habeas corpus, are **DENIED WITHOUT PREJUDICE**, due to petitioner's failure to exhaust his available state remedies.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 30th day of November, 2015.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE